**FILED**
APR 2 3 2012
[signature] CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DEBBIE PLUCKER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED FIRE & CASUALTY COMPANY,<br><br>Defendant. | Civ. 12-4075<br><br><br>COMPLAINT |

The Plaintiff, by and through her counsel, Cutler & Donahoe, LLP, for her causes of action against the above-named Defendant, states and alleges as follows:

### THE PARTIES

1. At all times relevant hereto, Plaintiff Debbie Plucker ("Debbie") was a resident of Turner County, South Dakota.

2. Upon information and belief, at all times relevant hereto, Defendant United Fire & Casualty Company ("United Fire") was a corporation organized and existing under the laws of a state other than South Dakota with its home office and principal place of business in a state other than South Dakota.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) because the plaintiff is a resident of a different state than the defendant and the amount in controversy exceeds $75,000.

4. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and omissions giving rise to this action occurred in the District of South Dakota.

## MATERIAL FACTS

5. On May 24, 2011, United Fire insured Debbie's 2011 Chevrolet Silverado pickup under policy number 90625038 ("the Policy").

6. When Debbie purchased the Policy, she bought coverage to help pay any medical bills she might incur if she was involved in an automobile accident.

7. The Policy Debbie purchased provided for up to $5,000.00 in coverage for these medical bills.

8. Debbie had paid in full all premiums requested by United Fire, and the Policy was in full force and effect on May 24, 2011.

9. On May 24, 2011, Debbie was driving north on Interstate 29 near Sioux Falls, South Dakota, when a large tire and rim from a southbound semi-tractor and trailer came off the trailer.

10. Debbie saw the large tire and rim coming toward her and recognized that she needed to take some type of evasive action to try to avoid colliding with it.

11. Debbie stomped on her brake pedal as hard as she could and braced herself for impact.

12. Despite her attempt to avoid it, the large tire and rim collided with the front end of her pickup ("the accident").

13. Debbie's head and upper body lunged forward as a result of braking hard and colliding with the tire.

14. The tire from the semi-tractor's trailer caused minor front end damage to Debbie's pickup.

15. Debbie believed she had been injured in the accident and visited with Dr. Rob Lanpher about her injuries in the parking lot of his office on May 24.

16. Debbie provided notice of the accident to United Fire in a timely manner.

17. Dr. Lanpher first treated Debbie on May 25, and he provided treatment to Debbie on a number of other occasions in May, June and July 2011.

18. Dr. Lanpher's treatment of Debbie was reasonable and necessary as a result of the accident.

19. Dr. Lanpher's charges for treating Debbie as a result of the accident were reasonable.

20. Dr. Lanpher's office sent Debbie's bills to United Fire on numerous occasions beginning in May 2011 and continuing into June and July 2011.

21. United Fire contacted Debbie and began inquiring whether she was wearing her seat belt at the time of the accident.

22. Whether Debbie was wearing a seat belt is not admissible in any civil litigation pursuant to SDCL 32-38-4.

23. United Fire told Debbie that her injuries were not consistent with how the accident occurred.

24. United Fire told Debbie the accident did not warrant the treatment she was receiving from Dr. Lanpher and that she should not be going to see Dr. Lanpher.

25. United Fire has failed to pay any of Debbie's medical bills for her treatment at Dr. Lanpher's office for the accident.

## COUNT I
## BREACH OF CONTRACT

26. Debbie realleges the preceding paragraphs as if set forth fully herein.

27. United Fire is required to pay the medical bills Debbie incurred as a result of the accident, up to the $5,000 limits of the Policy.

28. Dr. Lanpher submitted bills for treatment related to the accident to United Fire on numerous occasions, and United Fire has failed and refused to pay Debbie's bills.

29. United Fire's failure and refusal to pay Debbie's medical bills for Dr. Lanpher's treatment for the accident constitutes a breach of contract.

30. As a result of United Fire's breach of contract, Debbie is entitled to compensatory damages in the amount of her outstanding bills for Dr. Lanpher's treatment for the injuries she sustained in the accident.

31. United Fire's conduct in failing to pay Debbie's medical bills as set forth above is vexatious or without reasonable cause, entitling Debbie to an award of reasonable attorney fees pursuant to SDCL 58-12-3.

## COUNT II
## BAD FAITH

32. Debbie realleges the preceding paragraphs as if set forth fully herein.

33. The Policy was a valid contract for insurance between Debbie and United Fire.

34. The medical bills Debbie incurred at Dr. Lanpher's office for her treatment for the accident should have been paid under the terms of the Policy.

35. United Fire consciously engaged in wrongdoing by refusing to pay the medical bills Debbie incurred at Dr. Lanpher's office for her treatment for the accident.

36. United Fire's refusal to pay Debbie's medical bills was unreasonable, and United Fire knew it was unreasonable or acted in reckless disregard of the existence of a reasonable basis for refusing to pay the bills.

37. United Fire's conduct constitutes a violation of its duty of good faith and fair dealing to Debbie, which breach constitutes an independent cause of action sounding in tort.

38. United Fire's conduct in failing to pay Debbie's medical bills as set forth above is vexatious or without reasonable cause, entitling Debbie to an award of reasonable attorney fees under South Dakota law.

39. United Fire's conduct in failing to pay Debbie's medical bills as set forth above is willful, wanton, oppressive and malicious, entitling Debbie to an award of punitive damages against United Fire under South Dakota law.

WHEREFORE, Debbie requests a judgment against United Fire as follows:

1. For her compensatory and general damages;

2. For her special damages;

3. For punitive damages;

4. For attorney's fees, costs and disbursements herein;

5. For interest as provided by law; and

6. For any other and further relief which the Court determines is just and proper.

**JURY TRIAL DEMANDED**

Dated this 23rd day of April, 2012.

                                      CUTLER & DONAHOE, LLP
                                      Attorneys at Law

                                      */s/ Michael D. Bornitz*

                                      Michael D. Bornitz
                                      William D. Sims
                                      PO Box 1400
                                      Sioux Falls, SD  57101-1400
                                      Telephone:  (605) 335-4950
                                      Facsimile:  (605) 335-4966
                                      MikeB@cutlerlawfirm.com
                                      BillS@cutlerlawfirm.com
                                      Attorneys for Plaintiff