

**FILED**
MAY 09 2013

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DEBBIE PLUCKER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED FIRE & CASUALTY COMPANY,<br><br>Defendant. | Civ. 12-4075<br><br>**PROTECTIVE ORDER** |

Pursuant to the Stipulation for Protective Order, it is hereby:

ORDERED that the Stipulation for Protective Order is approved as to any document(s) produced in discovery by Defendant in this action in response to Plaintiff's Interrogatories and Requests for Production of Documents (First Set), and any further documents produced by Defendant in response to further document requests served by Plaintiff in the future, as follows:

1. Any material designated Confidential may only be copied, disclosed, discussed, or inspected, in whole or in part, for the purposes of this litigation and only by the following persons:

(a) the parties in this lawsuit, or their employees involved in the management of this litigation;

(b) counsel of record who represent the parties in this litigation, in-house counsel and the personnel who are directly employed or contracted by those attorneys' firms and who are assisting the attorneys working on this action;

(c) any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation therefore, and any other person to whom the dissemination of the document is deemed necessary by any party in preparation for trial;

(d) expert witnesses or consultants, including trial or jury consultants, retained by the parties in this lawsuit (i.e., not employed by or similarly affiliated with a party or an affiliated company of a party);

(e) the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and

(f) any mediator or arbitrator selected with the consent of all parties or by the Court.

2. Confidential Information shall not be disclosed to any of the persons referred to in paragraph 1(c) and (d) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by this Stipulation for Protective Order. All parties shall retain any such written agreements and make them available to counsel for the opposing party upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

3. A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed under seal. The parties shall take such steps as are reasonably necessary to ensure that the papers or relevant portions, as the Court may order, shall be filed in sealed envelopes or other appropriate sealed enclosures on which shall be endorsed the title to the action, the words "Confidential."

4. This Order does not waive any parties' right to further object to the introduction of designated Confidential Information subject to the rules of evidence at any future hearing or trial, nor does it waive any party's right to challenge the designation of discovery materials as "confidential", if such party seeks to reasonably exclude such documents from the Court's order.

5. The terms of this Protective Order are subject to modification, extension or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court.

6. Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose, including, without limitation, any business, competitive or educational purpose; such information shall not be disclosed or disseminated to any person, organization, business, governmental body or administrative agency unless ordered by the Court.

7. Upon termination of this action, unless otherwise ordered by the Court, the Plaintiff shall within sixty (60) days return to Progressive all materials marked "Confidential" as well as all summaries, excerpts or copies of such materials.

8.  If either party receives a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, that party shall refuse to produce any Confidential Information under the authority of this Protective Order and shall immediately give written notice to counsel for the opposing party, identifying the Confidential Information sought and enclosing a copy of the subpoena.

9.  The parties and their counsel agree that if this Protective Order is violated, either party may use this Protective Order to assist that party in an effort to enforce this Protective Order, or prove a violation of this Protective Order. However, the parties also agree that by entering into this Stipulation, neither the parties, nor their counsel, nor their law firms, are binding themselves to similar Stipulations for the entry of Protective Orders in future cases.

10  The parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

11. This Protective Order will be governed and construed in accordance with the laws of the State of South Dakota.

Dated this 9 day of May 2013.

BY THE COURT:

KAREN E. SCHREIER
CHIEF JUDGE

3