FILED
JAN 08 2014

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DEBBIE PLUCKER, | * | CIV. 12-4075 |
| Plaintiff, | * | |
| v. | * | ORDER |
| UNITED FIRE & CASUALTY COMPANY, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is plaintiff Debbie Plucker's motion to compel production of documents.[1]

## BACKGROUND

Plucker sued her auto insurer United Fire to recover first party medical pay benefits to pay medical expenses for treatment of injuries she sustained when a tire and rim from an oncoming semi-tractor and trailer came off the trailer and struck her pickup. United Fire sent her a document for her to sign expressing her consent to release her medical records so that United Fire could get medical records from her doctors. Plucker objected to the breadth of the medical release, struck the objectionable parts of the release, and signed the document. United Fire claims it could not process her claim because she refused to sign the medical release it provided. Plucker claims United Fire's release was too broad, but the one she provided was sufficient to process her claim. Plucker's complaint asserts claims for (1) attorney's fees under SDCL 58-12-3 for United Fire's alleged vexatious refusal to pay benefits, (2) compensatory damages for United Fire's alleged bad faith refusal to pay benefits, and (3) punitive damages for United Fire's alleged bad faith refusal to pay benefits.

---

[1] Doc. 16.

Plucker moves to compel defendant United Fire & Casualty Company to respond to her Interrogatory 5 and Requests for Production Nos. 7, 10, 11, 12, 13, 15, 16, 17, and 22. Plucker has filed a supporting affidavit with 42 exhibits (Doc. 18), a supporting memorandum (Doc. 19), a letter with informal objection to United Fire's suggestion of *in camera* review of documents (Doc. 23), a Reply to United Fire's Response (Doc. 27), and a second affidavit supporting her motion to compel with 3 exhibits. United Fire has filed a letter regarding *in camera* review (Doc. 22), and a Response to Plucker's motion to compel (Doc. 26).

## ANALYSIS AND DECISION

### Standards for Decision.

The scope of discovery in bad faith claims against a first party insurer in this district is well established.[2] "The scope of discovery under Rule 26(b) is extremely broad."[3] Information is discoverable if it is relevant to the claims or defenses of the case or to the subject of the case, upon a showing of good cause.[4] The party seeking discovery must make a threshold showing of relevancy. The burden then shifts to the party resisting discovery to show the sought after discovery is not relevant, is overly broad, overly burdensome, oppressive, or privileged.[5] "When a party withholds information otherwise discoverable by claiming that the information is

---

[2] *Kirschenman v. Auto-Owners Insurance*, 280 F.R.D. 474 (D.S.D. 2012); *Burke v. Ability Insurance Company*, 291 F.R.D. 343 (D.S.D. 2013); *Hurley v. State Farm Mutual Automobile Insurance Company*, Civ. 10-4165, (Doc. 49) (2012); and *Lillibridge v. Nautilus Insurance Company*, Civ 10-4105, (Doc. 127) (2013).

[3] *Burke* at 348.

[4] *Id.*

[5] *Id.* at 349; with respect to privilege *Hurley* at Doc. 49, p. 6 of 13.

2

privileged . . . the party must expressly make the claim; and describe the nature of the documents. FED. R. CIV. P. 26(b)(5)(A). If a party claims that the attorney-client privilege protects a document, then it must submit a privilege log to the requesting party."[6] Conclusory objections of overly broad, overly burdensome, or oppressive are insufficient to carry the resisting party's burden. The resisting party must make a specific showing why the relevant discovery should not be had.[7]

**Interrogatory 5.**

Plucker's motion to compel and her supporting memorandum mention Interrogatory 5, but mention Interrogatory 5 is all that either does. Plucker's supporting memorandum addresses only her Requests for Production without addressing Interrogatory 5. Plucker does not explain why United Fire's answer to Interrogatory 5 is not sufficient. Interrogatory 5 asked for the identification information of any employee of United Fire who handled, reviewed, supervised or audited Plucker's claim and Interrogatory 5 also asked for the identification of United Fire's corporate parents or subsidiaries. United Fire provided answers to each part of Interrogatory 5 without objecting. Because Plucker recited in her supporting memorandum a litany of complaints about communications with opposing counsel and complaints about the responses and tardy responses from United Fire, it is concluded Plucker's motion to compel about Interrogatory 5 is subsumed by her arguments about the disputed Requests for Production, i.e. Plucker believes there are more than two of United Fire employees who were involved with her claim. Plucker's motion to compel as it relates to Interrogatory 5 will be denied as moot because

---

[6]*Hurley* at Doc. 49, p. 6 of 13 (internal citation and brackets omitted).

[7]*Burke* at 349.

it appears Interrogatory 5 will be adequately answered implicitly by the information contained in the documents United Fire is otherwise ordered to produce. To grant the motion to compel about Interrogatory 5 would be to speculate because on its face there is a response and Plucker has not specifically explained why United Fire's response to Interrogatory 5 is not sufficient.

**Request for Production 7.**

Plucker requested the personnel files of employees and supervisors in the chain of command who handled, reviewed, supervised or audited her claim. United Fire objected with conclusory objections, but agreed to produce for *in camera* inspection copies of the personnel files of individuals directly involved in the handling of Plucker's claim. Personnel files are relevant to Plucker's bad faith claim. United Fire's conclusory objections are not sufficient to satisfy its burden to show why the personnel files are not relevant or why production of them is overly broad, burdensome, or oppressive. It is understood the *in camera* documents have since been produced to Plucker. Personnel files of pertinent employees, including those in the chain of command, are routinely required to be produced. Plucker's motion will be granted. It will be ordered that to the extent not already accomplished, United Fire must produce the personnel files requested by Plucker. Production is to be protected by a stipulated protection order prepared by the parties for the court's consideration if the protection order already filed is not sufficient to protect the confidentiality of the personnel files.

**Request for Production 10.**

Plucker seeks documents about United Fire's cost containment programs with respect to handling automobile claims from January 1, 2007 to the present. United Fire raises conclusory objections. United Fire's conclusory objections are not sufficient to satisfy its burden to show

why United Fire's cost containment program documents are not relevant or why production of them is overly broad, burdensome, or oppressive. Cost containment programs are relevant to Plucker's bad faith claim and her claim for punitive damages. Discovery of cost containment program documents is routinely allowed. Plucker's motion will be granted.

**Request for Production 11.**

Plucker seeks documents related to efforts of United Fire to increase profitability with respect to handling automobile claims from January 1, 2007, to the present. United Fire asserted conclusory objections. The same reasoning applies to Request for Production 11 as was applied to Request for Production 10. Plucker's motion will be granted.

**Request for Production 12.**

Plucker seeks documents related to efforts to reduce loss ratios or claim severity costs since January 1, 2007, to the present. United Fire asserted conclusory objections. The same reasoning applies to Request for Production 12 as was applied to Request for Production 10. Plucker's motion will be granted. United Fire also asserted it is unable to identify any responsive documents. While United Fire cannot be required to produce what does not exist, it has not asserted that such documents do not exist. It merely asserted it is unable to identify any responsive documents. United Fire must diligently search for such documents and certify that none exist if that is the circumstance, or produce them if they do exist.

**Request for Production 13.**

Plucker seeks documents relating to bonus or award programs for employees involved with her claim, including employees in the chain of command from January 1, 2007, to the present. After raising conclusory objections, United Fire agreed to produce these documents

5

after a protective order has been filed by the court. Plucker's motion will be granted. It will be ordered that to the extent not already accomplished, United Fire must produce documents about bonus or award programs as requested by Plucker. Production is to be protected by a stipulated protection order prepared by the parties for the court's consideration if the protection order already filed is not sufficient to protect the confidentiality of the bonus or award programs.

**Request for Production 15.**

Plucker seeks documents relating to salary increases, bonuses, commissions or awards for personnel handling auto claims from January 1, 2007, to the present. After raising conclusory objections, United Fire agreed to produce these documents after a protective order has been filed by the court. Plucker's motion will be granted. It will be ordered that to the extent not already accomplished, United Fire must produce documents about salary increases, bonuses, commissions or awards for personnel handling auto claims from January 1, 2007, to the present. as requested by Plucker. Production is to be protected by a stipulated protection order prepared by the parties for the court's consideration if the protection order already filed is not sufficient to protect the confidentiality of the salary increases, bonuses, commissions or awards for personnel handling auto claims from January 1, 2007, to the present.

**Request for Production 16.**

Plucker seeks documents about performance-based incentive plans for pertinent employees. After raising conclusory objections, United Fire agreed to produce these documents after a protective order has been filed by the court. Plucker's motion will be granted. It will be ordered that to the extent not already accomplished, United Fire must produce documents about salary increases, bonuses, commissions or awards for personnel handling auto claims from

6

January 1, 2007, to the present as requested by Plucker. Production is to be protected by a stipulated protection order prepared by the parties for the court's consideration if the protection order already filed is not sufficient to protect the confidentiality of the performance-based incentive plans for pertinent employees.

**Request for Production 17.**

Plucker seeks training documents for employees including video presentations, Power Point™ Presentations, manuals, computer presentations, bulletins, guidelines, or anything else used in training employees to assist employees in processing claims from January 1, 2007 to the present. After raising conclusory objections, United Fire agreed to produce these documents after a protective order has been filed by the court. Plucker's motion will be granted. It will be ordered that to the extent not already accomplished, United Fire must produce documents about video presentations, Power Point™ Presentations, manuals, computer presentations, bulletins, guidelines, or anything else used in training employees to assist employees in processing claims from January 1, 2007 to the present as requested by Plucker. Production is to be protected by a stipulated protection order prepared by the parties for the court's consideration if the protection order already filed is not sufficient to protect the confidentiality of the performance-based incentive plans for pertinent employees. United Fire also asserted some of these materials are subject to copyright protection and Plucker can purchase them. To the extent these materials are protected by copyright and Plucker can purchase them, United Fire must advise Plucker which are protected by copyright and where the materials can be purchased, unless United Fire itself can accomplish the same end in Plucker's behalf at Plucker's expense.

**Request for Production 22.**

Plucker seeks transcripts of depositions or trial testimony of any of United Fire employees in any suit alleging breach of contract, fraud, or bad faith arising out of a first party auto claim from January 1, 2007, to the present. United Fire raised privilege objections without providing a privilege log. United Fire also referred to its response to Interrogatory 4— which in turn asserted conclusory objections and a privilege objection without a privilege log, and which also in turn referred Plucker to United Fire's Rule 26 Initial Disclosures.

This same issue was addressed in *Kirschenman*[8]. Whether the transcripts of depositions or trial testimony of United Fire employees in other litigation relates to conduct that is similar to the conduct Plucker alleges here is unknown. There must be "some factual or legal vector" with Plucker's claims to render the transcripts discoverable. United Fire must produce to Plucker a copy of the complaint and answer together with any amended complaint or amended answer in any other lawsuit alleging breach of contract, fraud, or bad faith arising out of a first party auto claim from January 1, 2007, to the present in which a United Fire employee has testified by deposition or at trial. If a dispositive motion was filed in any of those cases, then the United fire must produce a copy of each of the briefs filed relative to the dispositive motion. United Fire must obtain these documents either from in house counsel or from outside counsel who represented United Fire in a case where an United Fire employee has testified by deposition or at trial. After Plucker reviews these documents, she may identify cases she believes have a factual or legal nexus to her claim in this case and she may request copies of the entire litigation file. United Fire must produce those files to Plucker upon request. The entire file in those respective

---

[8]*Kirschenman*, 2012 WL 1493833.

8

cases must include transcripts of deposition or trial testimony of United Fire employees. United Fire must contact both in house counsel and outside counsel who represented United Fire in those cases to attempt to obtain copies of these transcripts. With respect to producing the entire respective files, United Fire must provide a privilege log if it believes documents or parts of documents in those files are protected from discovery by the attorney-client privilege or work product doctrine.

**Attorney's Fee and Costs.**

Pursuant to FED. R. CIV. P. 37(a)(5), Plucker will be awarded her costs and attorney's fee associated with filing this motion to compel. The motion has been granted and documents subject to the motion were not produced before the motion to compel was filed. That the motion to compel with regard to Interrogatory 5 was denied as moot does not defeat Plucker's entitlement to her attorney's fee and costs under Rule 37 for two reasons: (1) as a practical matter the information Plucker sought through Interrogatory 5 was ordered to be provided when Plucker's motion to compel was granted with respect to her Requests for Production, and (2) under Rule 37(5)(C) the costs and an attorney's fee may be apportioned. It does not appear that any part of the costs and attorney's fee would be eliminated by proportioning that part which addressed Interrogatory 5 separately because Plucker did not address it separately from the issues surrounding Plucker's Requests for Production.

## ORDER

It is ORDERED that Plucker's motion to compel (Doc. 16) is DENIED AS MOOT with respect to Interrogatory 5 and is GRANTED with respect to Requests for Production Nos. 7, 10, 11, 12, 13, 15, 16, 17, and 22. United Fire must produce the subject documents not later than

January 31, 2014.

It is FURTHER ORDERED that Plucker is awarded her costs and attorney's fee related to filing and contesting the motion to compel in an amount to be determined. Not later than January 17, 2014, Plucker must file her claim for her attorney's fee and costs supported by an affidavit itemizing the time expended or cost incurred, describing the service provided or costs involved, and the rate per unit of time or rate per unit of cost. Not later than January 24, 2014, United Fire must file its objections to Plucker's claimed attorney's fee and costs, if any there are.

Dated January 8, 2014.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

10