**FILED**

**JAN 24 2014**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DEBBIE PLUCKER, | Civ. 12-4075 |
| Plaintiff, | |
| vs. | **UNITED FIRE'S OBJECTIONS TO PLAINTIFF'S CLAIMED ATTORNEYS' FEES AND COSTS** |
| UNITED FIRE & CASUALTY COMPANY, | |
| Defendant. | |

## INTRODUCTION

In its January 8, 2014, Order, the Court awarded Plucker attorney's fees under Fed. R. Civ. P. 37. Specifically, the Court ordered United Fire to pay Plucker for "her costs and attorney's fees related to filing and contesting the motion to compel in an amount to be determined." (Doc. 29, p. 10.)

On January 15, 2014, Plucker submitted the Affidavit of Counsel in Response to Court's Order Awarding Attorneys' Fees (Doc. 32). Exhibit A to the Affidavit is a billing invoice documenting the tasks performed by Plucker's counsel, the time spent on each task and the date each task was performed. The fees claimed in Exhibit A reveal that Plucker has misconstrued the scope of the Court's Order. Plucker's fee request should have been limited to her costs and attorney's fees related to filing and contesting the motion to compel. Instead, Plucker submitted a request far beyond those fees sanctioned by the Court.

## ARGUMENT

The Court's January 8, 2014, Order limits Plucker's fee award to the time and expenses incurred in filing and contesting her **Motion to Compel**. The purpose of the Court's sanction was to compensate Plucker, as the successful moving party, for "the reasonable expenses incurred in **making the motion**, including attorney's fees. . . ." Fed. R. Civ. P. 37(a)(4)(A) (emphasis added). This Court never indicated that it intended to impose any sanctions beyond those authorized by the Rule.

### *Application of Legal Standards to Plaintiff's Request*

"In determining whether the requested attorney's fees are reasonable, the court utilizes the lodestar method." *Kirschenman v. Auto-Owners Ins.*, 2012 WL 1493833 (D.S.D. 2012) (citing *Jorstad v. IDS Realty Trust*, 643 F.2d 1305, 1312–13 (8th Cir.1981) Under this method, the court multiplies a reasonable number of hours for the work performed by a reasonable hourly rate. *Id.* (citing *Farmers Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 500 (8th Cir.2009)) From there, the court has discretion to adjust the amount based upon the particular circumstances of the case. *Id.*

As the fee applicant, Plucker bears the burden of establishing that her request is limited to the scope of the Court's award and is otherwise reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *American Petroleum Inst. v. EPA*, 72 F.3d 907, 915 (D.C. Cir. 1995); *In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995); *Cobell v. Norton*, 231 F. Supp. 2d 295, 300 (D.D.C. 2002).

Applying these criteria, as explained below, United Fire submits that Plucker's fee award should be limited to $3,975.00.

2

## 1. Reasonable Hourly Rates

Plucker seeks fees for her counsel at hourly rates in excess of the going rate for attorneys in the area with similar experience. Specifically, both of Plucker's counsel are claiming $50 per hour more than United Fire's counsel in their respective roles. Accordingly, United Fire objects to Plucker's counsel's hourly rates in excess of $125 per hour for Attorney Robert D. Trzynka (associate) and $200 per hour for Attorney Michael D. Bornitz (partner).

## 2. Related Work

The Court's Order awards attorneys' fees related to filing and contesting the Motion to Compel, not for attorney fees incurred while engaged in the file's other matters. Consequently, Plucker's fee award should be limited to a reasonable number of hours expended on the preparation of her Motion to Compel and her Reply to United Fire's Opposition to the Motion. However, Plucker's counsel seeks fees for activities that are far beyond the scope of the Court's January 8, 2014, Order and for file activities in which it engaged, whether or not Plucker filed her Motion to Compel.

United Fire **objects** to the following attorneys' fees requests because they were not related to filing and contesting the Motion to Compel as required by the Court's Order:

1. All fees and activities for November 30, 2012;

2. Attorney Trzynka's time for January 15, 2013;

3. Attorney Trzynka's time for January 17, 2013;

4. Attorney Trzynka's time for January 24, 2013;

5. Attorney Bornitz's time for January 25, 2013;

6. Attorney Trzynka's time for January 28, 2013;

7. Attorney Trzynka's time for February 20, 2013;

3

8. Attorney Trzynka's time for April 23, 2013;

9. Attorney Trzynka's time for May 13, 2013;

10. Attorney Trzynka's time for May 14, 2013;

11. Attorney Trzynka's time for June 5, 2013;

12. Attorney Trzynka's time for June 26, 2013;

13. Attorney Trzynka's time for July 1, 2013;

14. Attorney Trzynka's time for August 16, 2013;

15. Attorney Trzynka's time for August 19, 2013;

16. Attorney Trzynka's time for September 17, 2013;

17. Attorney Trzynka's time for September 18, 2013;

18. Attorney Trzynka's time for September 23, 2013;

19. Attorney Trzynka's time for September 27, 2013;

20. Attorney Trzynka's time for October 1, 2013;

21. Attorney Trzynka's time for October 7, 2013;

22. Attorney Trzynka's time for October 22, 2013;

23. Attorney Trzynka's time for November 5, 2013;

24. Attorney Trzynka's time for November 7, 2013;

25. Attorney Trzynka's time for November 12, 2013;

26. Attorney Trzynka's time for November 18, 2013;

27. Attorney Trzynka's time for November 22, 2013;

28. Attorney Trzynka's time for November 25, 2013; and

29. Attorney Trzynka's time for December 2, 2013.

### 3. Reasonable Expenditure of Time

United Fire objects to the attorneys' fees related to Attorney Bornitz as duplicative:

1. October 17, 2013 - for conference with RDT regarding Motion to Compel issues;

2. October 18, 2013 - review Brief; conferred with RDT; e-mail from Plaintiff's counsel regarding production;

3. October 19, 2013 – conferred with RDT regarding Motion to Compel following e-mail from opposing counsel;

4. October 21, 2013 – conferred with RDT regarding Motion to Compel; telephone conference with opposing counsel regarding same;

5. October 28, 2013 – conferred with RDT regarding discovery and deposition issues;

6. December 18, 2013 – review Reply Brief.

United Fire does not object to the described work, but the time claimed is excessive for Attorney Trzynka's time entries of October 16, 2013; October 17, 2013; October 18, 2013; October 21, 2013; October 28, 2013; November 6, 2013; December 17, 2013; December 18, 2013; and December 19, 2013.

United Fire **does object**, however, to the amount of time expended by Attorney Trzynka in preparing the Motion to Compel and Reply to United Fire's Opposition. 40.7 hours is an excessive amount of time considering the issues in dispute. Portions of Plucker's Brief and documents submitted in support of her Motion to Compel were related to general bad faith issues that have nothing to do with this litigation.

Beyond being excessive, the time sought is ambiguous. All entries but two are in an even amount of hours. Further, many of the entries are combinations of preparing the Motion to Compel and Brief and other non-recoverable time. Accordingly, United Fire believes that a reasonable amount of time is 30 hours.

## CONCLUSION

Based on the above, Plucker's counsel should receive a maximum of $3,925 ($125 for 30 hours plus 6% sales tax—for work "related to filing and contesting the Motion to Compel").

Dated this 24th day of January, 2014.

MAY & JOHNSON, P.C.

By: _____
Lon J. Kouri
Eric D. DeNure
P.O. Box 88738
Sioux Falls, SD 57109-8738
Phone: (605) 336-2565
Fax:　 (605) 336-2604
lkouri@mayjohnson.com
edenure@mayjohnson.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **UNITED FIRE'S OBJECTIONS TO PLAINTIFF'S CLAIMED ATTORNEYS' FEES AND COSTS** was served via email upon Mike D. Bornitz and Robert D. Trzynka, Cutler & Donahoe, LLP, P.O. Box 1400, Sioux Falls, SD 57101-1400, attorneys for Plaintiff, this 24th day of January, 2014.

By: _____
Lon J. Kouri