UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DEBBIE PLUCKER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED FIRE & CASUALTY COMPANY,<br><br>Defendant. | Civ. 12-4075<br><br><br><br>**BRIEF IN SUPPORT RULE 37(b) MOTION FOR SANCTIONS** |

    The Plaintiff, Debbie Plucker, by and through her counsel, Cutler & Donahoe, LLP, submits the following Brief in Support of her Rule 37(b) Motion for Sanctions.

### FACTUAL STATEMENT

    This is a breach of contract and bad-faith action against Defendant United Fire & Casualty Company (hereinafter "United Fire"). On January 8, 2014, the Court entered an Order directing Defendant to produce documents pursuant to Plaintiff's Motion to Compel[1] in the above-entitled action.[2] The Court also ordered Defendant to pay Plaintiff her costs and attorneys' fees related to the motion.[3] Defendant had until January 31, 2014, to produce the documents ordered by the Court.[4] By February 6, 2014, Defendant had produced no responsive documents, any affidavits, or sent any correspondence requesting an extension to the deadline. To date, Defendant has not paid Plaintiff's costs and attorneys' fees either. Defendant's non-responsiveness to the Court's Order is part of Defendant's larger pattern of systematically ignoring discovery matters, as Plaintiff noted in

---

[1] Doc. 16
[2] *See* Doc. 29.
[3] *Id.*, p. 10.
[4] *See* Doc. 29, pp. 9-10.

1

her motion to compel.[5] Defendant has since contacted Plaintiff's counsel and has indicated that they will supplement at some point.

## ARGUMENT

"Fed. R. Civ. P. Rule 37(b) provides comprehensively for sanctions for failure to obey discovery orders."[6] These Rules "give the trial court broad discretion in imposing sanctions upon parties who fail to make discovery."[7] Under Rule 37(b), the court can impose the following sanctions:

    i.    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    ii.    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    iii.    striking pleadings in whole or in part;

    iv.    staying further proceedings until the order is obeyed;

    v.    dismissing the action or proceeding in whole or in part;

    vi.    rendering a default judgment against the disobedient party; or

    vii.    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[8]

"Default judgment is appropriate where the party against whom the judgment is sought has engaged in willful violations of court rules, contumacious conduct, or intentional delays."[9] If the facts of a party's failure to comply show both "willful misconduct and bad faith, the court 'need not

---

[5] *See* Doc. 16, pp. 3-6.
[6] *Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 994 (8th Cir. 1975).
[7] *Denton v. Mr. Swiss of Missouri, Inc.*, 564 F.2d 236, 239 (8th Cir. 1977).
[8] *Superior Composite Structures, LLC v. Parrish*, 2013 U.S. Dist. LEXIS 84015 at 10-11, (D.S.D. June 12, 2013).
[9] *Id.* at 11 (*quoting Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (other citations omitted)).

investigate the propriety of a less extreme sanction.'"[10] Not filing or filing non-responsive answers constitutes bad-faith on the part of the non-compliant party.[11] "This is especially true when" the record demonstrates "numerous [prior] delays and, when looked at in their entirety, show a blatant disregard for this court and the litigation process as a whole."[12] When the discovery matters subject to the Court's underlying order "essentially cover every claim, defense, and act that is relevant to" a case, imposing lesser sanctions is inappropriate.[13]

Here, Defendant delayed production of relevant documents for over a year.[14] Despite Plaintiff's repeated attempts to elicit discovery, Defendant frequently ignored Plaintiff.[15] As a result, Plaintiff was forced to submit a motion to compel documents. The Court granted Plaintiff's motion and gave Defendant until January 31, 2014 to produce documents.[16] The order covered materials in the following areas:

- Defendant's prior bad faith litigation documents[17]
- Defendant's employee personnel files[18]
- Training materials for Defendant's claims handlers[19]
- Defendant's bonus, compensation, and incentive programs[20]
- Defendant's cost containment efforts[21]

---

[10] *Id*. at 12 (*quoting Gleghorn v. Melton*, 195 F.App'x 535, 537 (8th Cir. 2006).
[11] *Id*.
[12] *Id*.
[13] *Id*. at 13.
[14] *See* Doc. 16, pp. 3-6.
[15] *Id.*
[16] *See* Doc. 29, pp. 9-10.
[17] *See* Doc. 16, p. 16; Doc. 29, pp. 8-9.
[18] *See* Doc. 16, pp. 18-21; Doc. 29, p. 4.
[19] *See* Doc. 16, pp. 21-24; Doc. 29, p. 7.
[20] *See* Doc. 16, pp. 24-27; Doc. 29, pp. 5-7.
[21] *See* Doc. 16, pp. 27-29; Doc. 29, pp. 4-5.

In other words, the Court ordered Defendant to produce documents that "essentially cover[ed] every claim, defense, and act that is relevant" to an insurance bad faith action.[22] Similar to Defendant's disregard of Plaintiff's requests, Defendant ignored[23] the Court's Order.

This is an insurance-bad faith case. Insurers like Defendant gain a strategic advantage in these cases by ignoring or pretending to misunderstand their discovery obligations. Meanwhile, litigants like Plaintiff are left in the lurch with an ever-decreasing confidence that their case will ever see the light of day.

Defendant knows that such tactics wear down plaintiffs' resolve. Defendant also knows that it is frequently better to refuse to comply with discovery requests than to actually turn over the materials that plaintiffs request in bad-faith cases. Those materials often show the very kinds of improper incentive and cost-containment programs that run to the heart of an insurance bad faith claim. Either way, insurers like Defendant come out ahead.

Plaintiff asks for severe sanctions for that very reason. Defendant has had ample opportunity to provide documents and answers responsive to Plaintiff's requests. These documents touch on every issue present in an insurance bad faith case. The Court ordered Defendant to produce these same documents. Nonetheless, Defendant's ignored the Court's order exactly like it ignored Plaintiff's entreaties. Severe sanctions are appropriate and should be imposed.

---

[22] *Superior Composite Structures, LLC*, 2013 U.S. Dist. LEXIS 84015 at 13.
[23] Plaintiff does not believe that Defendant's counsel is intentionally withholding materials, but Defendant's counsel is beholden to Defendant's actions.

**REQUESTED RELIEF**

Plaintiff requests the following relief:

1. An order rendering default judgment against Defendant.

2. Alternatively, an order directing that Plaintiffs are entitled to an adverse inference for all matters contained in the Court's Order granting Plaintiff's Motion to Compel.

3. Alternatively, an order finding Defendant in contempt.

4. Monetary sanctions against Defendant.

5. Plaintiff's costs and expenses.

Dated this 14th day of February, 2014.

        /s/Robert D. Trzynka
Michael D. Bornitz
Robert D. Trzynka
Cutler & Donahoe, LLP
100 N. Phillips Ave., 9th Floor
PO Box 1400
Sioux Falls, SD 57101-1400
(605) 335-4950
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

In accordance with LR 7.1(b)(1), I certify that this brief complies with the word and page limits described therein.

Dated at Sioux Falls, South Dakota, this 14th day of February, 2014.

    /s/Robert D. Trzynka
*One of the Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on the 14th day of February, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the appropriate parties:

- **Lon Kouri**
  LKouri@mayjohnson.com

- **Eric DeNure**
  edenure@mayjohnson.com

/s/Robert D. Trzynka
Michael D. Bornitz
Robert D. Trzynka
Cutler & Donahoe, LLP
100 N. Phillips Avenue, 9th Floor
PO Box 1400
Sioux Falls, SD 57101-1400
Telephone: (605) 335-4950
Facsimile: (605) 335-4966
*Attorneys for Plaintiff*