UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DEBBIE PLUCKER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED FIRE & CASUALTY COMPANY,<br><br>Defendant. | Civ. 12-4075<br><br>**UNITED FIRE'S RESPONSE TO PLAINTIFF'S RULE 37(b) MOTION FOR SANCTIONS** |

Defendant United Fire & Casualty Company ("United Fire") submits this Response to Plaintiff's Rule 37(b) Motion for Sanctions.

## ARGUMENT AND ANALYSIS

United Fire did not intentionally ignore the Court's Order [Doc. 29]. Sanctions are not warranted. Defense counsel reviewed the Court's Order [Doc 29]. (DeNure Aff. ¶ 2.) Defense Counsel's interpretation of the Order was that it did not set a deadline for issuance of a Certification that no responsive documents exist, as referenced on page 5 of the Order. (Aff. ¶ 3.) Defense counsel also believed that all responsive documents had been produced. (Aff. ¶ 4.) For these reasons, defense counsel did not forward the Order [Doc. 29] to United Fire until after Plaintiff filed her Motion for Sanctions [Doc. 35.] (Aff. ¶ 5.)

After Plaintiff filed her Motion for Sanctions, the Certification was served on February 27, 2014, regarding all requests for production, except Request for Production 17 (training materials.) (Aff. ¶ 6.) Additional training materials were recently identified by United Fire and produced to Plaintiff on March 3, 2014. (Aff. ¶ 7.) United Fire is in the process of identifying trademarked material that it has used and where the materials can be purchased, as referenced on page 7 of the Order. (Aff. ¶ 8.)

Additional salary and bonus information for the involved parties was also compiled and produced, although contained outside those individual personnel files and, thus, not specifically encompassed by Plaintiff's discovery requests. (Aff. ¶ 9.)

Regarding Request for Production 22, Plaintiff's counsel agreed long ago to limit this request to transcripts of deposition and trial testimony of Schares, Wade, Sniffin and Conner in any claim alleging breach of contract, fraud, or bad faith in a case arising out of first-party automobile claims from January 1, 2007 to present. (Aff. ¶10.) Prior to issuance of the Court's Order, United Fire responded that no such testimony exists. (Aff. ¶ 11.) Plaintiff is now backing away from that agreement and requesting that United Fire produce all documents referenced in the Court's Order, even though outside the scope of what the parties agreed was relevant to this litigation. (Aff. ¶ 12.)

While this is what the Court technically Ordered, defense counsel naturally assumed that Request for Production 22 had already been complied with because it did everything asked by Plaintiff's counsel. (Aff. ¶ 13.) If the Court is ordering production in a broader sense than already agreed to between the parties, United Fire will comply. But limiting its production to what Plaintiff's counsel requested does not form the basis for sanctions. If United Fire is obligated to produce documents broader than that which Plaintiff's counsel agreed was relevant, it will do so; but not doing so was an honest mistake, not an intentional violation of the Court's Order.

As for payment of attorneys' fees, the Court's Award of Attorney's Fee and Sales Tax [Doc. 34] did not set a deadline for payment of Plaintiff's attorney's fees. Plaintiff requested payment by March 7, 2014. A check has been ordered and payment will be made as soon as it is received. (Aff. ¶ 14.) Plaintiff's counsel never contacted defense counsel to discuss his interpretation of the Order or payment of attorneys' fees before filing Plaintiff's Motion for Sanctions.

## CONCLUSION

Nothing was done intentionally or in bad faith. Defense counsel owns the tardiness of United Fire's additional document production and the interpretation of the Court's Order. In the event the Court feels sanctions are warranted, they should be directed at counsel, not United Fire.

Dated this 7th day of March, 2014.

        MAY & JOHNSON, P.C.


By:    /s/ Eric D. DeNure
       Lon J. Kouri
       Eric D. DeNure
P.O. Box 88738
Sioux Falls, SD 57109-8738
Phone: (605) 336-2565
Fax:   (605) 336-2604
lkouri@mayjohnson.com
edenure@mayjohnson.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **UNITED FIRE'S RESPONSE TO PLAINTIFF'S 37(b) MOTION FOR SANCTIONS** was served through the Court's ECF system upon Mike D. Bornitz and Robert D. Trzynka, Cutler & Donahoe, LLP, P.O. Box 1400, Sioux Falls, SD 57101-1400, attorneys for Plaintiff, this 7th day of March, 2014.

By:    /s/ Eric D. DeNure
       Eric D. DeNure