UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DEBBIE PLUCKER,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED FIRE & CASUALTY COMPANY,<br><br>        Defendant. | Civ. 12-4075<br><br>**AFFIDAVIT OF**<br>**ERIC D. DeNURE** |

STATE OF SOUTH DAKOTA )
                              : SS
COUNTY OF HUGHES    )

      Eric D. DeNure, being first duly sworn, deposes and states:

      1.    That I am one of the attorneys for Defendant United Fire & Casualty Company ("United Fire") in the above-captioned matter and am familiar with the facts and allegations involved in this case.

      2.    I reviewed the Court's Order [Doc 29].

      3.    My interpretation of the Order was that it did not set a deadline for issuance of a Certification that no responsive documents exist, as referenced on page 5 of the Order.

      4.    I also believed that all responsive documents had been produced.

      5.    For these reasons, I did not forward the Order [Doc. 29] to United Fire until after Plaintiff filed her Motion for Sanctions [Doc. 35.]

      6.    After Plaintiff filed her Motion for Sanctions, the Certification was served on February 27, 2014, regarding all requests for production, except Request for Production 17 (training materials.)

7. Additional training materials were recently identified by United Fire and produced to Plaintiff on March 3, 2014.

8. United Fire is in the process of identifying trademarked material that it has used and where the materials can be purchased, as referenced on page 7 of the Order.

9. Additional salary and bonus information for the involved parties was also compiled and produced, although contained outside those individual personnel files and, thus, not specifically encompassed by Plaintiff's discovery requests.

10. Plaintiff's counsel agreed long ago to limit this request to transcripts of deposition and trial testimony of Schares, Wade, Sniffin and Conner in any claim alleging breach of contract, fraud, or bad faith in a case arising out of first-party automobile claims from January 1, 2007 to present.

11. Prior to issuance of the Court's Order, United Fire responded that no such testimony exists.

12. Plaintiff is now backing away from that agreement and requesting that United Fire produce all documents referenced in the Court's Order, even though outside the scope of what the parties agreed was relevant to this litigation.

13. I naturally assumed that Request for Production 22 had already been complied with because it did everything asked by Plaintiff's counsel.

14. The Court's Award of Attorney's Fee and Sales Tax [Doc. 34] did not set a deadline for payment of Plaintiff's attorney's fees. Plaintiff requested payment by March 7, 2014. A check has been ordered and payment will be made as soon as it is received.

15. Plaintiff's counsel never contacted me to discuss his interpretation of the Order or payment of attorneys' fees before filing Plaintiff's Motion for Sanctions.

Dated this 7 day of March, 2014.

          MAY & JOHNSON, P.C.

          By _____
             Eric D. DeNure
          4804 South Minnesota Avenue
          P.O. Box 88738
          Sioux Falls, SD  57109-8738
          (605) 336-2565
          Fax:  (605) 336-2604
          Attorneys for Defendant

Subscribed and sworn to before me this 7 day of March 2014.

_____
Notary Public - South Dakota

Rachel L. Wyly
My Commission Expires November 3, 2017

My Commission Expires: _____November 3, 2017__

(SEAL)

RACHEL L. WYLY
Notary Public
SEAL
South Dakota

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that a true and correct copy of the foregoing **AFFIDAVIT OF ERIC D. DeNURE** was served through the Court's ECF system upon Mike D. Bornitz and Robert D. Trzynka, Cutler & Donahoe, LLP, P.O. Box 1400, Sioux Falls, SD  57101-1400, attorneys for Plaintiff, this 7th day of March 2014.

          By: __/s/ Eric D. DeNure_____
             Eric D. DeNure