# EXHIBIT  F

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DEBBIE PLUCKER,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED FIRE & CASUALTY COMPANY,<br><br>        Defendant. | Civ. 12-4075<br><br>**DEFENDANT'S ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT (FIRST SET)** |

TO:    PLAINTIFF DEBBIE PLUCKER AND HER ATTORNEYS OF RECORD, ROBERT TRZYNKA AND MICHAEL BORNITZ:

United Fire & Casualty Company ("United Fire"), by and through its counsel of record, answers Plaintiff's Requests for Admission to Defendant (First Set) as follows:

1.    Admit that an insurance company cannot put its interests ahead of its policyholder's interests.

**ANSWER:    United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, admit that an insurance company must give equal consideration to the interests of its insured when making a decision to settle a third-party claim.**

2.    Admit that an insurance company must conduct a reasonable investigation of its policyholder's claims.

**ANSWER:    United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is further beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, admit.**

3.    Admit that the policyholder is not responsible for investigating his or her own claims.

1

**ANSWER:**   United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, admit that an insurance company has the duty to conduct a reasonable investigation of its policyholder's claims.  The insured has the duty is to cooperate with the investigation.

4.   Admit that an insurer cannot shift the duty to investigate to the insured.

**ANSWER:**   United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, admit that an insurance company has a duty to conduct a reasonable investigation of its policyholder's claims.  The insured has a duty under the policy to cooperate with the investigation.

5.   Admit that an insurance company cannot treat its policyholder as an adversary during the claims handling process.

**ANSWER:**   United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, admit that the insurance company and policy holder owe each other the duty of good faith and fair dealing.  An insurance company, however, is permitted to challenge claims that are fairly debatable.

6.   Admit that part of the claims examiner's job is to assist the insured through the steps of his or her claim.

**ANSWER:**   United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, admit.

7.   Admit that the claims examiner is responsible for assuring appropriate investigations are conducted into all aspects of coverage.

**ANSWER:**   United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said

objections, admit that an insurance company has a duty to conduct a reasonable investigation of its policyholder's claims and the existence of available coverage under the applicable policy.

   8.   Admit that when coverage cannot be determined immediately, the rights of the insured must be protected by a written document explaining her rights.

**ANSWER:**   **United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36. United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous. Without waiving said objections, admit that the insurance company and policy holder owe each other the duty of good faith and fair dealing. Admit that an insurance company has the duty to conduct a reasonable investigation of its policyholder's claims and the existence of available coverage under the applicable policy.**

   9.   Admit that an insurer's failure to promptly or thoroughly investigate a claim does not permit an insurer to delay or deny the claim due to lack of information.

**ANSWER:**   **United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36. United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous. Without waiving said objections, admit.**

   10.   Admit that all negotiations between an insurer and insured should be prompt, fair, and conducted in the utmost good faith.

**ANSWER:**   **United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36. United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous. Without waiving said objections, admit that negotiations between an insurer and insured should be prompt, fair and conducted in good faith.**

   11.   Admit that the claims file must contain detailed documentation of each action taken and all work performed on a claim.

**ANSWER:**   **United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36. United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous. Without waiving said objections, admit that an insurer's claim file should reasonably document its claims adjusting activities.**

12.     Admit that contact between an insurer and insured should always be confirmed in writing.

**ANSWER:     United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, deny.**

13.     Admit that all telephonic conversations between an insurer and insured must be recorded.

**ANSWER:     United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, deny.**

14.     Admit that all telephonic conversations between an insurer's agents and an insured should be documented.

**ANSWER:     United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, deny.**

15.     Admit that an insurance company cannot refuse to pay medical payments owed under a first-party automobile insurance policy to avoid the cost of subrogation.

**ANSWER:     United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, admit.**

16.     Admit that the Health Insurance Claim Form (FORM CMS-1500) is a standardized form for a healthcare provider to submit medical expenses to an insurance company.

**ANSWER:     United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, admit that Health Insurance Claim Form 1500 (FORM CMS-1500) is a**

standardized form approved by the National Uniform Claim Committee and used to process medical bills.

17.     Admit that United Fire & Casualty Company accepts Health Insurance Claim Forms (FORM CMS-1500) from submitting healthcare providers.

**ANSWER:**     **United Fire objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objection, admit.**

18.     Admit that Health Insurance Claim Form (FORM CMS-1500) contains the following language: "12.  PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim.  I also request payment of government benefits either to myself or to the party who accepts assignment."

**ANSWER:**     **Admit.**

19.     Admit that the following language from the standardized Health Insurance Claim Form (FORM CMS-1500) allows an insurance company to obtain any medical records from a submitting healthcare provider necessary to process the claim made with the Health Insurance Claim Form (FORM CMS-1500): "12.  PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim.  I also request payment of government benefits either to myself or to the party who accepts assignment."

**ANSWER:**     **United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, deny.**

20.     Admit that United Fire & Casualty Company has relied on the following language from the standardized Health Insurance Claim Form (FORM CMS-1500) to obtain medical records from a submitting healthcare provider: "12.  PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim.  I also request payment of government benefits either to myself or to the party who accepts assignment."

**ANSWER:**     **United Fire objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objection, deny.**

21.     Admit that United Fire & Casualty Company knew it could rely on the following language from the standardized Health Insurance Claim Form (FORM CMS-1500) to obtain medical records from a submitting healthcare provider: "12.  PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary

to process this claim.  I also request payment of government benefits either to myself or to the party who accepts assignment."

**ANSWER:**    **United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objection, deny.**

22.    Admit that it internally developed the medical release it provided to Debbie Plucker.

**ANSWER:**    **Admit that United Fire developed the "Authorization for Release of Medical Information," Bates Stamp UF 110.**

23.    Admit that Medicare has its own standardized form for obtaining medical records.

**ANSWER:**    **United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, admit.**

24.    Admit that according to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information for Medicare purposes unless the form displays a valid OMB control number.

**ANSWER:**    **United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.**

25.    Admit that the medical release United Fire & Casualty Company asked Debbie Plucker to sign did not contain an OMB control number.

**ANSWER:**    **Admit that the "Authorization for Release of Medical Information" sent on May 26, 2011, did not contain an OMB control number.**

26.    Admit that under the standardized Medicare medical release the patient has the right to revoke authorization at any time.

**ANSWER:**    **United Fire objects to the foregoing Request for Admission on the grounds that it seeks an admission as to a matter which is wholly a legal conclusion and is beyond the scope of FRCP 36.  United Fire further objects to the foregoing Request for Admission on the grounds that it is overly broad, vague and ambiguous.  Without waiving said objections, United Fire has insufficient information at this time to admit or deny as it is unclear to what "standardized Medicare medical release" the foregoing Request for Admission refers.**

27.     Admit that United Fire has a compensation committee.

**ANSWER:     United Fire objects to the foregoing Request for Admission on the grounds and that it is overly broad, vague and ambiguous.  Without waiving said objection, admit that the Board of Directors for United Fire Group has a Compensation Committee.**

28.     Admit that United Fire's compensation committee makes decisions regarding compensation, including, but not limited to United Fire's annual incentive plan.

**ANSWER:     United Fire objects to the foregoing Request for Admission on the grounds and that it is overly broad, vague and ambiguous.  Without waiving said objection, admit that the Compensation Committee makes some decisions regarding compensation, but in all other respects deny.**

29.     Admit that United Fire uses its annual incentive plan to achieve critical corporate, branch and department goals.

**ANSWER:     United Fire objects to the foregoing Request for Admission on the grounds and that it is overly broad, vague and ambiguous.  Without waiving said objection, deny that the plan achieves goals but rather provides recognition that certain goals have been achieved.**

30.     Admit that United Fire uses business unit targets based on losses and loss settlement expenses, including loss ratios, as a performance indicator to measure achievement under its annual incentive plan.

**ANSWER:     United Fire objects to the foregoing Request for Admission on the grounds and that it is overly broad, vague and ambiguous.  Without waiving said objection, admit.**

31.     Admit that United Fire uses business unit loss ratios as a performance indicator because using business unit loss ratios is a good measure of United Fire's profitability.

**ANSWER:     United Fire objects to the foregoing Request for Admission on the grounds and that it is overly broad, vague and ambiguous.  Without waiving said objection, admit.**

32.     Admit that United Fire calculates loss ratios by dividing net premiums earned by net losses incurred plus allocated loss settlement expenses paid.

**ANSWER:     United Fire objects to the foregoing Request for Admission on the grounds and that it is overly broad, vague and ambiguous.  Without waiving said objection, admit.**

33.     Admit United Fire uses cost center expense targets as a performance indicator to measure achievement under its annual incentive plan.

7

**ANSWER:**   **United Fire objects to the foregoing Request for Admission on the grounds and that it is overly broad, vague and ambiguous.  Without waiving said objection, the targets are an indicator of the company's results and accordingly deny.**

34.   Admit that United Fire uses cost center expense targets as a performance indicator because using cost center expense targets is a good measure of United Fire's profitability.

**ANSWER:**   **United Fire objects to the foregoing Request for Admission on the grounds and that it is overly broad, vague and ambiguous.  Without waiving said objection, admit.**

35.   Admit that Tom Diefendorf was an employee of United Fire in July of 2011.

**ANSWER:**   **Admit.**

36.   Admit that Tom Diefendorf received an email from Kathy Justice regarding Plaintiff's medical payments claim to United Fire.

**ANSWER:**   **Upon information and belief, admit that Tom Diefendorf received Exhibit A.**

37.   Admit that Tom Diefendorf spoke with Ms. Justice regarding Plaintiff's medical payments claim to United Fire.

**ANSWER:**   **Upon information and belief, admit.**

38.   Admit the document attached herein as Exhibit A is a true and correct copy of the email sent by Ms. Justice to Mr. Diefendorf.

**ANSWER:**   **Upon information and belief, admit.**

39.   Admit that Mr. Diefendorf did not forward this email to any other individuals at United Fire.

**ANSWER:**   **United Fire is unable to admit or deny as Tom Diefendorf does not recall what he did, if anything, with Ms. Justice's email.**

Dated this **14** day of July 2014.

                              MAY & JOHNSON, P.C.

                              By _____
                                   Lon J. Kouri
                                   Eric D. DeNure
                              P.O. Box 88738
                              Sioux Falls, SD  57109-8738
                              (605) 336-2565; (605) 336-2604 (Fax)
                              lkouri@mayjohnson.com
                              edenure@mayjohnson.com
                              Attorneys for Defendant


                    **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of the foregoing **Defendant's
Answers to Plaintiff's Requests for Admission to Defendant (First Set)** was served via U.S.
Mail, postage prepaid, upon Michael D. Bornitz and Robert D. Trzynka, Cutler & Donahoe, LLP,
100 N. Phillips Avenue, P.O. Box 1400, Sioux Falls, SD  57101-1400, attorneys for Plaintiff, this
14 day of July 2014.

                              By _____
                                   Eric D. DeNure