# EXHIBIT O

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DEBBIE PLUCKER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED FIRE & CASUALTY COMPANY,<br><br>Defendant. | Civ. 12-4075<br><br>**PLAINTIFF'S SUPPLEMENTAL ANSWERS AND RESPONSES TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS (SECOND SET)** |

Plaintiff Debbie Plucker for her answers, responses and objections to Defendant's Interrogatories and Requests for Production of Documents to Plaintiff (Second Set), states as follows:

## ANSWERS TO INTERROGATORIES

### INTERROGATORY 2:

State in detail how you obtained the medical records that you produced in response to United Fire's Interrogatories and Request for Production of Documents (First Set), and which were marked PA 0001-00024, LC MVA 00001-00028, and LC REG 00001-00017.

**ORIGINAL ANSWER:** OBJECTION. Plaintiff objects to this interrogatory because it asks for information that is protected by the attorney-client privilege and work product doctrine. Plaintiff, however, is willing to enter into a stipulation with Defendant for a limited waiver of the attorney client privilege and work product doctrine narrowly tailored to permit Plaintiff's counsel to only provide the information requested by this interrogatory.

**SUPPLEMENTAL ANSWER:** Plaintiff reasserts her original objections. Without waiving said objections and subject to the Court's Order regarding this discovery request, *see* Doc. 50, Plaintiff's counsel asked Plaintiff to sign a general release of medical records. Plaintiff resisted, stating that the records were not relevant to this lawsuit. Plaintiff's counsel advised Plaintiff that the rules of discovery for litigation are extremely broad and are broader than those under her insurance contract with Defendant. Plaintiff's counsel advised Plaintiff that if she would not agree to sign the releases, Defendant would likely file a motion to compel. Plaintiff's counsel then advised Plaintiff that the Court would likely grant

1

Defendant's motion to compel, should it file one, and that Plaintiff would be compelled to both sign a medical release and pay Defendant's attorneys' fees for having to file the motion. Once Plaintiff understood that the rules of discovery in litigation are extremely broad and after Plaintiff's counsel explained what would happen if Plaintiff did not sign the release, Plaintiff agreed to sign the release. Plaintiff's counsel then submitted the release to Plaintiff's various medical providers. Plaintiff's counsel later disclosed these medical records to Defendant.

Dated this 6th day of October, 2014.

*Debbie Plucker*

Subscribed and sworn to before me
This 6th day of Ocober, 2014.

*Connie M Leckner*
Notary Public – South Dakota
My commission expires: 11-10-15

[SEAL]

CONNIE M. LECKNER
NOTARY PUBLIC
SOUTH DAKOTA

As to Objections:

Dated this 6 day of October, 2014.

CUTLER & DONAHOE, LLP

Michael D. Bornitz
Robert D. Trzynka
100 N. Phillips Ave., 9th Floor
PO Box 1400
Sioux Falls, SD  57101-1400
(605) 335-4950
*Attorneys for Plaintiff*

3